**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **STEPHANIE VELAZQUEZ HERNANDEZ,** | ) | |
| **on behalf of herself and all other Plaintiffs** | ) | |
| **similarly situated, known and unknown,** | ) | **Case No. 1:18-cv-3636** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TIERRA CALIENTE, INC., an Illinois** | ) | |
| **corporation, and FERMIN SAUCEDO,** | ) | |
| **an individual,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COLLECTIVE ACTION COMPLAINT**

The Plaintiff, Stephanie Velazquez Hernandez ("Plaintiff" or "Hernandez"), on behalf of herself and all other Plaintiffs similarly situated, known and unknown, by and through her attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Tierra Caliente, Inc. ("Tierra Caliente"), and Fermin Saucedo ("Saucedo") (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff, and other similarly situated employees, their minimum wages and overtime compensation. Plaintiff and other similarly situated employees are current and former servers at the Defendants' restaurant.

2.      Defendants elected to pay Plaintiff, and other similarly situated employees, using a tip credit. Defendants paid hourly wages below the minimum wage and purported to use tips to make up the difference. However, Defendants committed numerous minimum wage and tip credit violations which invalidated the tip credit and required Defendants to pay Plaintiffs, and similarly situated employees, the full minimum wage. Defendants' violations included: (a) paying insufficient direct wages; (b) failing to make up the difference between the tip-credit taken and the minimum wage when Plaintiff received an insufficient amount of tips; (c) requiring the Plaintiff to perform a substantial volume of non-tipped work at the restaurant; (d) charging Plaintiff for cash register shortfalls; and, (e) failing to notify Plaintiff of the tip credit rules and regulations.

3.      Defendants further violated federal, state and city overtime laws by failing to pay Plaintiff, and similarly situated employees, an overtime premium when they worked more than forty (40) hours in individual workweeks.

4.      Plaintiff brings this case a collective action under 29 U.S.C. § 216(b). Plaintiff's consent forms to act as the representative party is attached as Exhibit A.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law and city ordinance claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

7.      Plaintiff Hernandez is a former employee of the Defendants. Ms. Hernandez worked as a server and was also required to perform the duties of food preparer, dishwasher and restaurant cleaner for Defendants from approximately January 22, 2018 through April 9, 2018.

8.      During the course of her employment with Defendants, Plaintiff used and handled goods and materials, including perishable food and food products, which moved in interstate commerce prior to be being used or purchased in Illinois.

9.      Plaintiff resides in and is domiciled in Chicago, Illinois.

10.     Defendant Tierra Caliente operates a restaurant located at 4070 South Archer Avenue in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off the premises.

11.     Defendant Tierra Caliente is registered in Illinois as a corporation and its officers, registered agent and principal office are located in Chicago, Illinois within this judicial district.

12.     Upon information and belief, Defendant Tierra Caliente earned more than $500,000 in annual gross revenue for the most recent calendar year.

13.     Upon information and belief, Defendant Saucedo is an owner and the president of Defendant Tierra Caliente.

14.     At all times relevant to this action, Defendant Saucedo possessed extensive oversight over Defendant Tierra Caliente's employees and business practices. Defendant Saucedo was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed authority to hire and fire Defendants' employees; he supervised and controlled employee work schedules or conditions of employment; he determined rate and method of payment; and, he maintained employment records.

15. Upon information and belief, Defendant Saucedo resides in and is domiciled within this judicial district.

**COMMON ALLEGATIONS**

16. During her tenure as an employee with Defendants, Plaintiff Hernandez worked increasingly larger number of hours each work week. During her initial two weeks of work for the Defendants, Plaintiff worked six days a week from approximately 4:00 p.m. to 10:30 p.m. each work day. By mid- February, 2018, Plaintiff was working six days a week from approximately 3:00 p.m. to 10:30 p.m. each work day. By March, 2018, Plaintiff was scheduled to work and did work seven days per week including from 8:00 a.m. to 10:00 p.m. on Monday, and 2:00 p.m. to at least 10:00 p.m. Tuesday through Sunday. By the end of March and into early April, 2018, Plaintiff worked from approximately 8:00 a.m. to 10:00 p.m. Monday through Friday, and from approximately 2:00 p.m. to 10:00 p.m. on Saturday and Sunday.

17. Based on her work schedules, Plaintiff Hernandez regularly worked in excess of forty (40) hours per week, and reached as high as eighty-six (86) hours per week.

18. Defendants purportedly elected to claim a tip credit by paying Plaintiff Hernandez, and other similarly situated servers, a lower direct (or cash) wage using tips to make up the difference between the direct wages and the minimum wage.

19. Defendants paid Plaintiff Hernandez on an hourly basis at the rate of seven dollars ($7.00) per hour, plus tips.

20. However, Plaintiff frequently received only a modest amount of tips which consistently failed to make up for the difference between her direct wage of $7.00 per hour and the minimum wage. For example, during her second full week of work for Defendants, Plaintiff worked approximately thirty-seven (37) hours, and received approximately $100.00 in tips. And,

during weeks when Plaintiff Hernandez worked in excess of sixty or even eighty hours per week, she typically received only $30.00 in tips per day.

21.     In addition, Plaintiff Hernandez was instructed to perform and did perform approximately three hours of non-tipped work each day including food preparation such as making guacamole and preparing nopales, answering the telephone and taking food orders, dishwashing, and performing restaurant cleaning work.

22.     Defendants failed to pay Plaintiff Hernandez for the non-tipped work that she performed at the full minimum wage rate.

23.     Furthermore, on at least one occasion when the cash register was short, Defendants charged Plaintiff for the shortfall, thereby further reducing the direct wages Defendants paid to Plaintiff below the minimum wage.

24.     Defendants also failed to notify Plaintiff Hernandez and similarly situated employees of the FLSA tip credit subsection or of Defendants' intention to claim a tip credit under the FLSA, IMWL or CMWO.

25.     During the last three years before the filing of this lawsuit, Plaintiff Hernandez and other similarly situated employees were directed to work, and did work, more than forty (40) hours in individual workweeks.

26.     When Plaintiff Hernandez and other similarly situated employees worked more than forty (40) hours in individual workweeks, Defendants never paid them an overtime premium.

27.     Defendants paid Plaintiff and other similarly situated employees straight-time wages for all compensable overtime hours worked.

28.     Defendants never paid Plaintiff Hernandez and other similarly situated employees overtime compensation calculated at the rate of one and one-half times their regular hourly rates of pay when they worked more than forty hours in an individual workweek.

29.     In order to conceal their failure to pay full minimum wages and overtime compensation, Defendants paid Plaintiff with cash distributed in envelopes with no wage statement record. On information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state tax and revenue agencies.

30.     In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

31.     Plaintiff brings her FLSA claims as a collective action on behalf of herself and all other similarly situated current and former servers that worked for Defendants during the last three years before the filing of this lawsuit.

32.     During the last three years before the filing of this suit, Plaintiff and other similarly situated current and former servers have had substantially similar job descriptions, job requirements and pay rates.

33.     Plaintiff and other similarly situated servers customarily and regularly received more than $30.00 per month in tips.

34.     During the last three years before the filing of this suit, Defendants elected to claim a tip credit by paying Plaintiff, and other servers, a lower direct wage and using tips to make up the difference between the direct wages and the minimum wage.

35.     Defendants violated the tip credit requirements by failing to pay sufficient direct wages to Plaintiff and other servers and by failing to make up the difference between the tip-credit rate and the minimum wage when Plaintiff received an insufficient amount of tips.

36.     In addition, Defendants further reduced the direct wages of Plaintiff and other servers below the minimum wage by improperly deducting employer cash register shortfalls and by imposing non-tipped work duties on Plaintiff and other servers.

37.     Based on the total direct wages and tips paid to Plaintiff and other servers, Plaintiff and other servers were paid less than the minimum wage in individual workweeks.

38.     Defendants further failed to notify Plaintiffs and other servers of the FLSA tip credit subsection or of Defendants' intention to claim a tip credit under the FLSA, IMWL or CMWO.

39.     In addition, Plaintiff, and other similarly situated servers, worked more than forty (40) hours in individual workweeks and were not compensated at a rate of one and one-half times their regular hourly rates of pay.

40.     Plaintiff and other similarly situated employees were subject to Defendants' common policies and plans to violate the FLSA by willfully refusing to pay minimum wages and overtime compensation to servers.

41.     During the last three years before the filing of this suit, Defendants had a common policy and practice of paying servers at their straight-time rates of pay.

42.     Defendants failed to pay Plaintiff, and other similarly situated servers, at one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual workweek.

43.     Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

44.     Defendant knew or should have known that their illegal wage and hour practices violated the FLSA.

45.     There are numerous similarly situated servers who worked for Defendants' restaurant and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

46.     The similarly situated servers are known to the Defendants and are identifiable in Defendants' timekeeping, payroll, and other records.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages

47.     Plaintiff hereby incorporates paragraphs 1 through 46 as though stated herein.

48.     Throughout her employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

49.     Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

50.     During the course of Plaintiff's employment with Defendants, Defendants employed other servers who were similarly not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

51.     Plaintiff and other servers were "tipped employees" within the meaning of 29 U.S.C. § 203(t).

52.     During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

53. Defendant Tierra Caliente is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

54. Pursuant to 29 U.S.C. § 206, Plaintiff as well as other non-exempt servers were entitled to be compensated according to the applicable minimum wages under the FLSA.

55. Defendants violated the tip credit and minimum wage provisions of this section by failing to pay sufficient direct wages to Plaintiff and other servers; making unlawful deductions to wages thereby further reducing their wages below the minimum wage; and, failing to make up the difference between direct wage rate and the minimum wage when the total wages and tips paid to Plaintiff and other servers failed to meet the minimum wage.

56. Defendants also violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiff and other servers of the tip credit subsection, 29 U.S.C. § 203(m), and any of its related requirements.

57. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff and other servers minimum wages was willful and not in good faith. Defendants concealed their failure to pay minimum wages by paying Plaintiff with cash distributed in envelopes with no wage statement record. On information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state tax and revenue agencies.

**WHEREFORE**, the Plaintiff, Stephanie Velazquez Hernandez, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Tierra Caliente, Inc. and Fermin Saucedo, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Minimum Wages**

58.     Plaintiff hereby incorporates paragraphs 1 through 46 as though stated herein.

59.     Throughout her employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

60.     Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

61.     During the course of Plaintiff's employment with Defendants, Defendants employed other servers who were similarly not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

62.     Plaintiff and other servers were tipped employees within the meaning of 820 ILCS 105/4(c).

63.     During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

64.     Pursuant to 820 ILCS § 105/4, Plaintiff as well as other non-exempt servers were entitled to be compensated according to the applicable minimum wages under the IMWL.

65.     Defendants violated the tip credit and minimum wage provisions of this section by failing to pay sufficient direct wages to Plaintiffs and other servers; making unlawful deductions to wages thereby further reducing their wages below the minimum wage; and, failing to make up the difference between direct wage rate and the minimum wage when the total wages and tips paid to Plaintiff and other servers failed to meet the minimum wage.

66.     Defendants also violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiff and other servers of the tip credit subsection and any of its related requirements.

**WHEREFORE**, the Plaintiff, Stephanie Velazquez Hernandez, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Tierra Caliente, Inc. and Fermin Saucedo, as follows:

A.     Judgment in the amount of unpaid minimum wages found due;

B.     Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## <u>COUNT III</u>
### <u>Violation of the Chicago Minimum Wage Ordinance – Minimum Wages</u>

67.     Plaintiff hereby incorporates paragraphs 1 through 46 as though stated herein.

68.     Plaintiff and other servers were each an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and were not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

69.     During the course of Plaintiff's employment with Defendants, Defendants employed other servers who were similarly not exempt from the minimum wage provisions of the CMWO.

70.     Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

71.     Under § 1-24-020(a), Plaintiff, as well as other non-exempt servers, were entitled to be compensated according to the minimum wage requirements of CMWO.

72.     Defendants violated the tip credit and minimum wage provisions of this section by failing to pay sufficient direct wages to Plaintiff and other servers; making unlawful deductions to wages thereby further reducing their wages below the minimum wage; and, failing to make up the difference between direct wage rate and the minimum wage when the total wages and tips paid to Plaintiff, and other servers, failed to meet the minimum wage.

73.      Defendants also violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiffs and other servers and bartenders of the tip credit subsection and any of its related requirements.

**WHEREFORE**, the Plaintiff, Stephanie Velazquez Hernandez, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Tierra Caliente, Inc. and Fermin Saucedo, as follows:

A.     Judgment in the amount of unpaid minimum wages found due;

B.     Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

<u>**COUNT IV**</u>
<u>**Violation of the Fair Labor Standards Act – Overtime Wages**</u>

74.     Plaintiff hereby incorporates paragraphs 1 through 46 as though stated herein.

75.     Throughout her employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

76.     Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

77.     During the course of Plaintiff's employment with Defendants, Defendants employed other servers who were similarly not exempt from the overtime wage provisions of the FLSA.

78.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

79.     Defendant Tierra Caliente, Inc. is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

80.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt servers worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

81.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

82.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages was willful and not in good faith. Defendants concealed their failure to pay Plaintiff overtime compensation by paying Plaintiff with cash distributed in envelopes with no wage statement record. On information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state tax and revenue agencies.

**WHEREFORE**, the Plaintiff, Stephanie Velazquez Hernandez, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Tierra Caliente, Inc. and Fermin Saucedo, as follows:

A.   Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.   Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.   Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.   Such other and further relief as this Court deems appropriate and just.

## COUNT V
## Violation of the Illinois Minimum Wage Law – Overtime Wages

83.   Plaintiff hereby incorporates paragraphs 1 through 46 as though stated herein.

84.   Throughout her employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

85.   Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

86.   During the course of Plaintiff's employment, Defendants employed other servers who were similarly not exempt from the overtime wage provisions of the IMWL.

87.   Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

88.   Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt servers worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

89.   Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Stephanie Velazquez Hernandez, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Tierra Caliente, Inc. and Fermin Saucedo, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

### <u>COUNT VI</u>
### <u>Violation of the Chicago Minimum Wage Ordinance – Overtime Wages</u>

90.     Plaintiff hereby incorporates paragraphs 1 through 46 as though stated herein.

91.     Plaintiff was an "employee" under CMWO, §1-24-10 of the Municipal Code of Chicago, and was not exempt from the overtime wage provisions of the CMWO, § 1-24-050.

92.     Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

93.     Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, she was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

94.     Defendants' failure to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the CMWO, § 1-24-040.

**WHEREFORE**, the Plaintiff, Stephanie Velazquez Hernandez, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Tierra Caliente, Inc. and Fermin Saucedo, as follows:

A.   Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.   Statutory damages in the amount of three times the amount of unpaid overtime wages found due;

C.   Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.   Such other and further relied as this Court deems appropriate and just.

Dated: May 23, 2018                  Respectfully submitted,
                                     Stephanie Velazquez Hernandez, on
                                     behalf of herself and all other Plaintiffs
                                     similarly situated, known and unknown,


                                     /s/ Timothy M. Nolan
                                     _____
                                     One of the Attorneys for the Plaintiff


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
Attorneys for Plaintiffs
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net